IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KYLE ANDREW BUTLER, #02289799 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv36 *consolidated with* 4:22cv37 |
| DIRECTOR, TDCJ-CID | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation ("the Report") (Dkt. #16) concluding that the petitions for writ of habeas corpus should be denied and the cases should be dismissed with prejudice. Petitioner filed objections (Dkt. #17) and a motion for a certificate of appealability (Dkt. #18).

Petitioner's objections are twenty-six pages long and include ten attachments, resulting in a document totaling over 260 pages, which well exceeds the Local Rules' eight-page limit for such filings. *See* Local Rule CV-72(c) ("Objections to reports and recommendations and any response thereto shall not exceed eight pages."). Despite Petitioner's failure to comply with the Local Rules, the Court will consider Petitioner's objections.

In the objections, Petitioner states that "the totality" of his "Specific Written Objections" "essentially boil down to the fact that [he] was not afforded a full and fair hearing in the state court proceeding nor was he afforded one in the Federal Court." (Dkt. #17, p. 14). As the Magistrate Judge correctly found (Dkt. #16, p. 19), Petitioner's allegations regarding infirmities in the state habeas corpus proceedings are not cognizable upon federal habeas review. *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004); *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

1

Additionally, Petitioner has failed to demonstrate that he is entitled to an evidentiary hearing in this Court. The AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. *See Williams v. Taylor*, 529 U.S. 420, 433–34 (2000). Under the AEDPA, if a petitioner fails to develop the factual basis of a claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence and (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2); *Williams*, 529 U.S. at 433–37; *Foster v. Johnson*, 293 F.3d 766, 775 n.9 (5th Cir. 2002), *cert. denied*, 537 U.S. 1054 (2002). Petitioner has failed to satisfy the statutory requirements. Other than Petitioner's conclusory allegations that he did not receive a hearing on his claims at the state level, he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

Petitioner further argues that the procedural default of his ineffective assistance of counsel claims (Claims (1)(b), (c), (d), and (e)) are excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). Petitioner has not met his burden to show that any of these claims amount to a "substantial claim of ineffectiveness" sufficient to invoke the procedural default exception created by *Martinez* and *Trevino*. Petitioner's allegations are wholly conclusory. Petitioner merely lists perceived deficiencies of his trial counsel and provides no explanation as to how each one of these alleged deficiencies prejudiced his defense. Even under the rule of liberal

construction, vague and conclusory allegations are insufficient to support habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Because Petitioner has not shown that his procedurally-defaulted ineffective assistance of counsel claims have merit, he has not shown cause and prejudice to excuse the procedural default of these claims.

Finally, Petitioner reurges the arguments raised in his § 2254 petition. The Court has reviewed the arguments, and they generally add nothing new to Petitioner's prior contentions in this case. Despite his arguments, Petitioner fails to show that the Report is in error or that he is entitled to relief on his claims.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Petitioner has separately moved for a certificate of appealability. (Dkt. #18). His motion is inappropriate in that at the time he filed it, no final judgment had issued from this Court on his petitions. In addition, the Magistrate Judge's recommendations include that no certificate of appealability should issue. The Court agrees.

It is accordingly **ORDERED** that the petitions for a writ of habeas corpus are **DENIED** and that the cases are **DISMISSED** with prejudice. It is also **ORDERED** that a certificate of appealability (including as requested in Petitioner's motion at Dkt. #18) is **DENIED.**

It is further **ORDERED** that all other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 19th day of March, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE