# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KYLE ANDREW BUTLER, #02289799 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-cv-36 |
| | § | *consolidated with* 4:22-cv-37 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Kyle Andrew Butler filed objections (Dkt. #29) to the Court's Postjudgment Order (Dkt. #27) finding that Petitioner did not timely submit his notice of appeal to prison officials. Petitioner also filed a Motion to Consider (Dkt. #30) the objections. The Court considers Petitioner's objections as seeking relief under Federal Rule of Civil Procedure 60.

Federal Rule of Civil Procedure 60(a) authorizes the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Petitioner points to no clerical mistakes, oversights, or omissions in the Postjudgment Order (Dkt. #27). The Court found that TDCJ Beto Unit's outgoing mail logs showed that, on April 21, 2025, Petitioner deposited with the prison mailroom a piece of mail addressed to the United States Court of Appeals for the Fifth Circuit (Dkt. #26-2 at 5), and that the mailing corresponded to Petitioner's notice of appeal that was received by the Fifth Circuit and stamped as filed on May 5, 2025. (Dkt. #27 at 2). Petitioner now alleges, without any supporting documentation, that he submitted the notice of appeal in the TDCJ's internal mail system on April 18, 2025. (Dkt. #29 at 1). Petitioner fails to demonstrate that there was any mistake in the Postjudgment Order (Dkt. #27). Thus, he is not entitled to relief under Rule 60(a).

Nor does Petitioner provide a basis for relief under Rule 60(b). In a Rule 60(b) motion, a movant must show that he is entitled to relief from a judgment or order because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying the granting of relief from the judgment. Relief will be granted only in "unique circumstances," *Pryor v. USPS*, 769 F.2d 281, 286, 287 (5th Cir. 1985), and the district court has considerable discretion in determining whether the movant has met any of the Rule 60(b) factors, *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

To the extent Petitioner argues excusable neglect in untimely filing his notice of appeal, his argument fails. Petitioner asserts that he did not receive the final judgment until March 24, 2025, and therefore, the deadline to file his notice of appeal should have been extended to April 23, 2025. (Dkt. #29 at 1, 3). Petitioner is mistaken. He had thirty days from the entry of final judgment, rather than thirty days from receipt of final judgment, in which to file a notice of appeal. As the United States Court of Appeals for the Fifth Circuit explained in its remand order:

> Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of *entry* of judgment. In this habeas corpus case filed by a state prisoner, the final judgment was entered and certificate of appealability was denied on March 19, 2025. Therefore, the final day for filing a timely notice of appeal was April 18, 2025.

(Dkt. #23 at 1) (emphasis added).

Moreover, Petitioner acknowledged that he received the final judgment on March 24, 2025, which was well within the deadline to file his notice of appeal. He does not allege that he was prevented from filing a timely notice of appeal. Thus, although he could have filed a timely notice

of appeal, he waited until April 21, 2025, to deposit it in the prison's internal mail system. Petitioner fails to establish that he is entitled to relief from the Postjudgment Order (Dkt. #27).

To the extent Petitioner asks the Court to reinstate his right to seek an appeal under Federal Rule of Civil Procedure 60, he is not entitled to relief. Neither Rule 60(a) nor Rule 60(b) authorizes a district court to reopen the time to file an appeal. "[R]ule 60(b) cannot be used to circumvent the limited relief available under Federal Rule of Appellate Procedure 4(a)(5), which advances the principle of protecting the finality of judgments." *Perez v. Stephens*, 745 F.3d 174, 178 (5th Cir. 2014) (quoting *Dunn v. Cockrell*, 302 F.3d 491, 492–93 (5th Cir. 2002)). Therefore, to the extent Petitioner requests the Court to reinstate his right to seek an appeal, his request merits no relief under Federal Rule of Civil Procedure 60.

It is **ORDERED** that Petitioner's construed Rule 60 motion (Dkt. ##29, 30) is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 18th day of March, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

3